[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 2, 2012
JOHN LEY
CLERK

_____

No.  11-14807
Non-Argument Calendar

_____

D.C. Docket No. 2:10-cv-128-RWS

K. CRAIG BRANCH,
For himself and as Custodian for his Children,
MARY W. BRANCH,
For herself and as Custodian for her children, et al.,

Plaintiffs-Appellants,

versus

JOHN T. OTTINGER, JR.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 2, 2012)

Before TJOFLAT, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

K. Craig Branch and others sued Jayme Sickert, George Dixon, and John Ottinger, asserting claims under the federal and state securities laws and state tort law. The district court dismissed the claims against Messrs. Sickert and Dixon pursuant to an arbitration agreement executed by the plaintiffs and Mr. Sickert. The plaintiffs do not challenge the ruling as to Messrs. Sickert and Dixon, but appeal the district court's denial of their motion to compel arbitration of their claims against Mr. Ottinger, as well as the district court's refusal to stay the lawsuit against Mr. Ottinger pending resolution of the arbitration proceeding involving Messrs. Sickert and Dixon. *See Branch v. Ottinger*, 2011 WL 4500094 (N.D. Ga. 2011). Finding no error, we affirm.

I

On July 12, 2010, the plaintiffs filed suit against Messrs. Dixon, Sickert, and Ottinger in the Northern District of Georgia asserting claims for (1) violations of the securities laws of Georgia and Alabama, (2) common law fraud, (3) promissory fraud, (4) breach of fiduciary duty, and (5) violations of the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*, and Rule 10b-5, 17 C.F.R. § 240.10b-5. The plaintiffs alleged that the claims arose out of a series of securities transactions between themselves, Cornerstone Ministries Investments, Inc., and Wellstone Retirement Communities I, LLC. Mr. Sickert was the person who sold the securities to the

2

plaintiffs through the securities arm of Wellstone; Mr. Ottinger was the Chief Financial Officer of Cornerstone; and Mr. Dixon is the administrator of the estate of Cecil Brooks, who was the Chairman and Chief Executive Officer of Cornerstone.

On February 28, 2011, the district court granted the motions to dismiss filed by Messrs. Sickert and Dixon, which the plaintiffs had opposed. The district court ruled that venue was improper because of a valid arbitration agreement executed by the plaintiffs and Mr. Sickert, which Mr. Dixon was able to enforce against the plaintiffs through equitable estoppel. The district court also denied Mr. Ottinger's motion to dismiss for failure to state a claim, but ordered the plaintiffs to file an amended complaint. These rulings are not before us on appeal.

On March 14, 2011, the plaintiffs filed a motion to compel arbitration of the remaining claims against Mr. Ottinger, or to alternatively stay the lawsuit against Mr. Ottinger pending completion of the arbitration proceeding involving Messrs. Dixon and Sickert. The district court denied the motion to compel arbitration because Mr. Ottinger was not a signatory to the arbitration agreement. Although the plaintiffs presented two possible routes for the district court to compel arbitration against Mr. Ottinger as a nonsignatory, the district court rejected both of them. First, the plaintiffs argued that arbitration should be compelled because the issues involving Mr. Ottinger and the other two defendants, Messrs. Sickert and Dixon, were virtually

indistinguishable. The district court concluded, however, that the plaintiffs presented no evidence that any arbitration judgment against Messrs. Sickert or Dixon would be preclusive against Mr. Ottinger, and that all the claims alleged by the plaintiffs arose out of Mr. Ottinger's individual actions, not through a conspiracy or similar joint action. As a result, the claims against Mr. Ottinger would need to be heard and resolved independently. Second, the plaintiffs argued that the equitable state law principles of "assumption, piercing the corporate veil, alter ego, incorporation by reference, and third-party beneficiary" could be used to compel Mr. Ottinger into arbitration. The district court dismissed this argument because the plaintiffs had failed to provide any explanation or facts to substantiate any of these grounds.[1]

Alternatively, the plaintiffs argued that the claims against Mr. Ottinger should be stayed pending the completion of the arbitration proceeding against Messrs. Dixon and Sickert because the claims against Mr. Ottinger presented arbitrable issues, or because the arbitrable issues predominated over the issues involving Mr. Ottinger alone. As noted above, the district court was not convinced that the claims against Mr. Ottinger were referable to arbitration. The district court also concluded that the individual liability claims against Mr. Ottinger did not create an overlap of defendants

---

[1] On appeal, the plaintiffs have similarly failed to argue this theory, and we therefore deem it abandoned. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

between different fora, which would have caused duplicative proceedings, and that neither set of proceedings would have a preclusive effect on the other.

II

"We review *de novo* the district court's denial of a motion to compel arbitration." *Lawson v. Life of the South Ins. Co.*, 648 F.3d 1166, 1170 (11th Cir. 2010) (citation omitted). The Federal Arbitration Act, 9 U.S.C. § 1 *et seq* ("FAA"), establishes a "liberal federal policy favoring arbitration agreements." *CompuCredit Corp. v. Greenwood*, 132 S.Ct. 665, 668-69 (2012) (citations and internal quotations omitted). "Because arbitration is a matter of contract, however, the FAA's strong proarbitration policy only applies to disputes that the parties have agreed to arbitrate." *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004) (citation omitted). Thus, where the parties have not agreed to arbitrate, a court cannot compel them to arbitration. *See id*. An exception to this rule allows a nonparty to "force arbitration 'if the relevant state contract law allows him to enforce the agreement' to arbitrate." *See Lawson*, 648 F.3d at 1170 (quoting *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 632, 129 S.Ct. 1896, 173 L.Ed.2d 832 (2009)).

It is well-recognized that "traditional principles of state law allow a contract to be enforced by or against nonparties to the contract through assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary

5

theories, waiver and estoppel." *Carlisle*, 556 U.S. at 631. Here, the plaintiffs attempt to assert two principles of state law that could allow the arbitration agreement to be enforced against Mr. Ottinger. First, the plaintiffs raise an equitable estoppel argument. In doing so, however, they recognize that under Geogia equitable estoppel law, the claims against Mr. Ottinger must be directly based on the contract containing the arbitration clause. Because that is not the case here, this argument fails. *See Lawson*, 648 F.3d at 1172. Second, the plaintiffs appear to argue that Mr. Ottinger waived a judicial forum in favor of an arbitral forum because he assumed the risk that the arbitration agreement would encompass him as well when the district court considered whether to compel the plaintiffs to arbitrate their claims against Mr. Dixon, another nonsignatory. The plaintiffs failed to raise this argument in the district court, however, and therefore cannot assert it on appeal. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1199 (11th Cir. 2010) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.") (internal quotation marks and citation omitted). Indeed, in their motion to compel arbitration and/or stay the lawsuit, the plaintiffs noted that Mr. Ottinger had merely reserved his position as to arbitration. *See* R3:56

6

at 9.[2]

"We review a district court's denial of a motion to stay litigation of nonarbitrable claims under an abuse of discretion standard." *Klay*, 389 F.3d at 1203 (citations omitted). The abuse of discretion standard gives a district court a range of choice, so long as that choice does not constitute a clear error of judgment. *See, e.g.*, *United States v. Lopez*, 649 F.3d 1222, 1236 (11th Cir. 2011).

A district court is required to stay a pending suit when it is satisfied that only arbitrable issues remain. *See Klay*, 389 F.3d at 1203-04. When both arbitrable and non-arbitrable claims are advanced, however, a district court has discretion to stay the nonarbitrable claims. *See id*. at 1204. When it is feasible to proceed with the litigation, a court usually refuses to stay the proceedings of nonarbitrable claims. *See*

---

[2] In any event, there was no waiver on the part of Mr. Ottinger. During the hearing on the defendants' motions to dismiss, Mr. Ottinger's counsel stated: "[A]t this time Mr. Ottinger has not sought to compel arbitration of the claims between him and the plaintiffs. The plaintiffs have not sought to compel arbitration of those claims either. So unless the court instructs me to take a position on this, I think this question is moot as to us, or not ripe as to us." R2:54 at 23-24. That statement did not constitute a waiver of a judicial forum.

Indeed, if anyone waived anything, it was the plaintiffs who waived the right to compel arbitration against Mr. Ottinger by filing a lawsuit against him in federal district court. *See Morewitz v. West of England Ship Owners Mut. Protection and Indem. Ass'n*, 62 F.3d 1356, 1366 (11th Cir. 1995) ("Waiver occurs when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate and this participation results in prejudice to the opposing party.") (citation omitted). *See also Erdman Co. v. Phoenix Land & Acquisition, LLC.*, 650 F.3d 1115, 1118 (8th Cir. 2011) ("A party substantially invokes the litigation machinery when, for example, it files a lawsuit on arbitrable claims.") (internal quotation marks and citation omitted).

*id.* "Crucial to this determination is whether arbitrable claims predominate or whether the outcome of the nonarbitrable claims will depend upon the arbitrator's decision." *Id.* (citation omitted).

The plaintiffs argue that the district court abused its discretion because it failed to decide whether the arbitrable claims predominated over the non-arbitrable claims. The district court, however, correctly applied *Klay* and did not abuse its discretion.

The district court addressed "whether the outcome of the nonarbitrable claims will depend upon the arbitrator's decision" in concluding that a decision in either proceeding would not have a preclusive effect in the other. *See id.* The district court also determined that it would be feasible to proceed with the litigation because there would not be any overlap of defendants between different fora and concluded that refusing to grant a stay would not result in duplicative proceedings. The district court further explained that all the claims against Mr. Ottinger had to be decided individually because they arose out of Mr. Ottinger's individual actions and were therefore independent of the claims against the other defendants. In doing so, the district court questioned whether these non-preclusive claims against Messrs. Dixon and Sickert should even be considered in the predomination inquiry given that they had been dismissed and were no longer before it. "Because it is well established that a district court may order arbitration and refuse to stay nonarbitrable proceedings, the

district court was properly within its discretion to refuse [the plaintiffs'] motion to stay litigation of nonarbitrable claims." *Id*. (citations omitted). *See also Volkswagen of America, Inc. v. Sud's of Peoria, Inc.*, 474 F.3d 966, 973-76 (7th Cir. 2007) (affirming denial of motion to stay lawsuit pending arbitration proceeding because nonarbitrable issue was independent of arbitrable issue).

The plaintiffs contend that the district court was required to grant a stay because it had already decided that the issues involved the parties indistinguishably, yet ordered some but not all of the parties to arbitrate. The premise of this argument is incorrect, for the district court – as noted above – concluded that the non-arbitrable claims against Mr. Ottinger were independent of the arbitrable claims against Messrs. Dixon and Sickert. As we have explained, the plaintiffs have not presented any persuasive reason why the claims against Mr. Ottinger are arbitrable. Accordingly, we find no abuse of discretion in the district court's refusal to stay the lawsuit against Mr. Ottinger.

## IV

The district court's denial of the motion to compel arbitration, or to alternatively stay the lawsuit pending arbitration, is affirmed.

**AFFIRMED.**

9